**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark Charles THOMAS, Defendant–
Appellant.**

**Nos. 01–1063, 01–M–178, 98–CR–65–M.**

United States Court of Appeals,
Tenth Circuit.

April 10, 2002.

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT*

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Mark Charles Thomas, a federal prisoner appearing *pro se,* seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

Petitioner escaped from a federal prison camp in May 1997, while incarcerated for credit card fraud. He was apprehended in December 1997 and charged with escape. At trial, proceeding *pro se* with standby

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counsel, his defense was mistaken identity: he claimed his name was Andre Strauss and that he was not Mark Charles Thomas who escaped from prison. The jury was not persuaded. He was convicted and sentenced to forty-one months' imprisonment, to be served consecutive to his credit card fraud sentence. This court affirmed his conviction for escape on direct appeal, stating that the government presented overwhelming evidence that petitioner is the same Mark Charles Thomas who escaped his incarceration at the prison camp in May 1997. *United States v. Thomas,* No. 99–1334, 2000 WL 912610, at *4 (10th Cir. July 7, 2000) (unpublished order and judgment). We vacated petitioner's sentence, however, because his request for appointed counsel at sentencing had been improperly denied by the district court. On remand, counsel was appointed and the district court reimposed the same sentence. Petitioner did not appeal the resentence.

Petitioner then filed a § 2255 motion, raising three claims: (1) ineffective assistance of appellate counsel, (2) newly-discovered evidence, and (3) the denial of funds to retain a fingerprint expert at trial. As to the third claim, the district court correctly ruled that this court considered and rejected this same argument on direct appeal. *See id.* at **1–4.

■ The district court did not address petitioner's remaining claims. This oversight does not entitle petitioner to a COA, however, because even had the district court addressed these claims, the result would not have been different. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that to obtain a COA, movant must show that the issue would be debatable among jurists, that a court could resolve the issues differently, or that the question deserves further proceedings).

■ Petitioner first claims his appellate counsel was ineffective for failing to appeal the district court's denial of his pre-trial motion to subpoena a witness. He asserts this witness, Mark Charles Thomas' mother, would have testified at trial that he is not her son. This argument is completely speculative because petitioner failed to support his assertion with any supporting evidence, such as an affidavit from the witness containing a proffer of her testimony. Thus, petitioner failed to demonstrate that his appellate counsel was "objectively unreasonable" in failing to assert this claim on direct appeal, or that there is a reasonable probability that, but for counsel's failure to raise the issue, petitioner would have prevailed in challenging his conviction on direct appeal. *See Neill v. Gibson,* 278 F.3d 1044, (10th Cir.2001).

■ Next, petitioner claims his appellate counsel provided constitutionally ineffective assistance because he failed to file a petition for writ of certiorari with the United States Supreme Court. Review by the Supreme Court is discretionary, *see Ross v. Moffitt,* 417 U.S. 600, 616–17, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and the Supreme Court has held that defendants have no right to counsel to pursue discretionary review. *See Wainwright v. Torna,* 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Because petitioner had no constitutional right to counsel, he was not deprived of effective assistance of counsel when his attorney did not file a petition for a writ of certiorari. *Id.* at 587–88, 102 S.Ct. 1300.

Finally, petitioner claims newly-discovered evidence warrants a new trial. He claims to have received information from the Federal Bureau of Investigation, Interpol and the United States Postal Inspection Service indicating that these agencies do not have a file on Mark Charles Thomas. He argues this evidence demonstrates

that Mark Charles Thomas does not exist. This evidence, which he also failed to produce, clearly does not support his premise. Moreover, information that the F.B.I. did not have a file on petitioner was introduced at his trial. This alleged evidence is neither new nor of such a nature that it would probably produce an acquittal. *See United States v. Quintanilla*, 193 F.3d 1139, 1147 (10th Cir.1999) (describing five-part test for newly discovered evidence warranting new trial).

Thomas' request for a certificate of appealability is DENIED and the appeal is DISMISSED. The motion to proceed on appeal in forma pauperis is GRANTED. The mandate shall issue forthwith.