**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HUGH WALTON,

        Petitioner - Appellant,

    v.

FRANCIS FALK, Warden, L.C.F.;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

        Respondents - Appellees.

No. 14-1208
(D. Colorado)
(D.C. No. 1:13-CV-00403-RM)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

---

This matter is before the court on Hugh Walton's pro se requests for a certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*. Walton seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A). We **grant** his request to proceed on appeal *in forma pauperis*. Because he has not, however, "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** Walton's request for a COA and **dismisses** this appeal.

Following a jury trial in Colorado state court, Walton was convicted on multiple criminal counts arising out of the armed robbery of a grocery store. Thereafter, Walton filed the instant § 2254 petition raising ten claims, several of which had multiple subparts. In two exceedingly thorough orders, the district court determined the claims set out in Walton's petition (1) failed to raise a federal constitutional issue, (2) were procedurally defaulted, or (3) failed to satisfy the standard for obtaining habeas relief set out in 28 U.S.C. § 2254(d). Walton seeks a COA on only two of the issues he raised before the district court: (1) his assertion he was denied due process when the Colorado Court of Appeals refused to consider an issue on post-conviction review because, it concluded, the issue could have been raised on direct appeal; and (2) the claim he was denied effective assistance of counsel when counsel failed to raise a challenge to a purported violation of Walton's right to a speedy trial.

The granting of a COA is a jurisdictional prerequisite to Walton's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Walton must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations

omitted).  In evaluating whether Walton has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Walton need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Walton's appellate filings, the district court's thorough orders, and the entire record before this court, we conclude Walton is not entitled to a COA.  It cannot be reasonably argued the district court erred in concluding Walton's complaints about Colorado's post-conviction procedures failed to allege a violation of federal law.  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the petitioner's] incarceration . . . states no cognizable federal habeas claim"); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (holding that even if otherwise preserved, the petitioner's "claim challenging the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").  Likewise, the district court was undeniably correct to conclude the state court's factual findings, made after holding a three-day evidentiary hearing, established Walton suffered no prejudice from trial counsel's failure to raise a

speedy-trial claim.  28 U.S.C. § 2254(d).  Accordingly, this court **DENIES**

Walton's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge