FILED
United States Court of Appeals
Tenth Circuit

September 9, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OLOYEA D. WALLIN,

      Petitioner - Appellant,

v.

MICHAEL MILLER, Warden of Crowley
County Correctional Facility,

      Respondent - Appellee.

No. 15-1299
(D.C. No. 1:13-CV-01867-MSK-CBS)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

This order is entered to follow up on our May 12, 2016 order, which was entered

both in this case and in number 15-1301, also captioned as *Wallin v. Miller*. The May 12

order denied petitioner's request for a certificate of appealability on all claims applicable

to this 28 U.S.C. § 2241 proceeding. As a result, this proceeding should have been

terminated when the May 12 order was entered, but due to a clerical error it was not.

This order supplements our original order and acts to deny Mr. Wallin's certificate

of appealability and to dismiss this matter. We incorporate the May 12 order by reference

and attach it to this order.

Although this case termination order is effective May 12, 2016, we will grant the

petitioner's "Motion for extension of time to file Petition for Panel Rehearing and

Rehearing in Banc." Any petition for rehearing from the petitioner addressing this particular case must be filed on or before October 7, 2016. Any pleading filed should be clearly marked with the case number for this matter.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

*Lara Smith*

by: Lara Smith
    Counsel to the Clerk

2

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

OLOYEA D. WALLIN,

        Petitioner - Appellant,

v.

MICHAEL MILLER, Warden of
Crowley County Correctional
Facility; et al.,

        Respondents - Appellees.

Nos. 15-1299 & No. 15-1301
(D.C. Nos. 1:13-CV-01867-MSK-CBS
and 1:14-CV-01968-MSK)

**ORDER**

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

While on parole, Mr. Oloyea D. Wallin was convicted in a Colorado state court of second-degree assault and sentenced to fourteen years in prison. He filed one habeas petition under 28 U.S.C. § 2254 and another under 28 U.S.C. § 2241. The federal district court rejected all of the claims in both petitions, and Mr. Wallin wants to appeal. We can entertain an appeal only if Mr. Wallin is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A).

In the first habeas petition, Mr. Wallin invokes § 2254 and alleges numerous errors. We grant Mr. Wallin a certificate of appealability on five of these claims of error:

1.    Error in allowing expert testimony on domestic violence.

2.    Error in allowing use of unsubstantiated testimony by Mr. Lehmann that he had spoken to Mr. Wallin.

3.    Prosecutorial misconduct.

4.    Error in the use of the alleged victim's confidential medical information.

5.    Abuse of subpoena power.

We decline to grant Mr. Wallin a certificate of appealability on his remaining § 2254 claims, in which he alleges

- error in allowing introduction of a recorded telephone message into evidence,

- error in denying Mr. Wallin pre-sentence confinement credit,

- error in allowing use of the alleged victim's involuntary statements,

- ineffective assistance of counsel,

- error in allowing the jury to consider the victim's affliction with battered-person syndrome without any expert evaluation,

- error in allowing a prosecution witness to testify after observing every prior witness testify,

2

- insufficient evidence of guilt,

- error in striking of a venireperson based on minority status,

- inadequacy of the jury instructions,

- irregularities in the preliminary hearing,

- failure to dismiss the Information even though it was based on inadmissible statements,

- imposition of an excessive sentence based on inadmissible evidence,

- violation of the U.S. Constitution in applying a Colorado statute,

- error in denying a postconviction hearing,

- error by the trial judge in declining to recuse,

- error in allowing testimony that Mr. Wallin had been in prison,

- inadequacy of the state postconviction review process, and

- error in allowing introduction of a witness's advice to the jury.

In the second habeas petition, Mr. Wallin invokes § 2241 and alleges

- intentional use of false information to deny parole to Mr. Wallin and

- inadequate staffing of the parole hearing.

We deny a certificate of appealability on all of these claims.

3

## I.    Mr. Wallin's § 2254 Petition

The district court addressed the merits of only three of Mr. Wallin's claims under 28 U.S.C. § 2254. The district court determined that Mr. Wallin's other habeas claims were subject to procedural default or were not cognizable in a federal habeas action.

We believe that reasonable jurists could debate whether Mr. Wallin procedurally defaulted on five of these claims:

1.    error in allowing expert testimony on domestic violence,

2.    error in allowing use of unsubstantiated testimony by Mr. Lehmann that he had spoken to Mr. Wallin,

3.    prosecutorial misconduct,

4.    error in the use of the alleged victim's confidential medical information, and

5.    abuse of subpoena power.

On these claims, we grant Mr. Wallin's request for a certificate of appealability. For Mr. Wallin's other claims under § 2254, however, all reasonable jurists would view the district court's analysis as undebatable. Thus, Mr. Wallin is not entitled to a certificate of appealability on the other claims.

4

**A.      Mr. Wallin must show a reasonably debatable appeal point.**

To obtain a certificate of appealability, Mr. Wallin must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). Mr. Wallin can meet this standard only "by demonstrating

that jurists of reason could disagree with the district court's resolution of

his constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell,* 537 U.S. 322, 327 (2003).

**B.      Mr. Wallin's claims are not reasonably debatable regarding
          the improper introduction of a recorded telephone message,
          the state trial court judge's failure to recuse herself, and the
          erroneous calculation of credits for pretrial confinement.**

Mr. Wallin alleges error in allowing introduction of a recorded

telephone message, failure of the trial judge to recuse herself, and

miscalculation of credits for pretrial confinement. These challenges are not

reasonably debatable.

**1.      Mr. Wallin is not entitled to appeal the introduction of the
          recorded telephone message.**

While Mr. Wallin was paroled for a prior offense, he allegedly

assaulted his ex-wife. After learning of the incident, a parole officer

directed Mr. Wallin to go to a police station and speak with a detective.

Mr. Wallin did not visit the station. Instead, he called the station and left a

5

recorded message for the detective. In his message, Mr. Wallin said, "[T]hey were trying to make it domestic violence." Mr. Wallin explained that (1) his ex-wife's injuries were the result of an accident and (2) he wanted to resolve the matter.

Over Mr. Wallin's objection, the state trial court allowed the prosecution to use the recording, holding that Mr. Wallin's statements were voluntary and that the parole officer had not compelled Mr. Wallin to incriminate himself. The state appeals court affirmed.

Mr. Wallin challenges the rulings, contending that

- he was compelled to provide the statement and

- his parole status rendered the exchange a custodial interrogation, triggering his Fifth Amendment privilege against self-incrimination.

All reasonable jurists would reject these contentions.

First, under our precedents, the statements were clearly voluntary. Although the exchange was initiated by a parole officer, the parole officer's instruction is not considered coercive. *See Minnesota v. Murphy,* 465 U.S. 420, 427 (1984) (stating that a probation officer's authority to compel a parolee's attendance is not inherently coercive). Mr. Wallin was not questioned; he simply left a message for the police department and the

6

substance of his statements was not directed or suggested by a law enforcement officer. As a result, Mr. Wallin's statements were voluntary.

Similarly, no jurist could reasonably consider the parole officer's instruction as a violation of Mr. Wallin's right against self-incrimination. Mr. Wallin was not "in custody" when he made the potentially incriminating statements. Thus, the parole officer had no constitutional obligation to warn Mr. Wallin against self-incrimination. *Roberts v. United States,* 445 U.S. 552, 560-61 (1980).

Mr. Wallin has not shown a violation of his rights under the Fifth and Fourteenth Amendments, and no reasonable jurist would disagree with the district court's legal analysis regarding introduction of the recorded telephone message. Thus, Mr. Wallin is not entitled to a certificate of appealability on this claim.

**2.    Mr. Wallin is not entitled to appeal the trial judge's refusal to recuse herself.**

At trial, Mr. Wallin moved for disqualification of the trial judge, arguing that she had displayed bias by delaying the proceedings. This motion was denied, and the ruling is not subject to reasonable debate.

Due process requires "an absence of actual bias in the trial of cases." *In re Murchison,* 349 U.S. 133, 136 (1955). A judge's recusal may be

appropriate when the source of the judge's bias arises from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554-55 (1994). Rulings, however, do not ordinarily provide grounds for recusal. *See id.* at 555 ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Recusal is necessary only when judges display bias in their rulings that is "so extreme as to display clear inability to render fair judgment." *Id.* at 551.

Mr. Wallin relies on the state trial judge's rulings delaying the trial. But even if the trial judge had erred in delaying the trial, the rulings allowing the delays were not sufficiently extreme to require the judge's recusal or to constitute a denial of due process. Only seven months elapsed between Mr. Wallin's arraignment and his sentencing.[1] *Cf. Doggett v. United States*, 505 U.S. 647, 652 (1992) (holding that an 8.5-year delay between an arrest and indictment did not deprive the defendant of due process).

---

[1]    A postconviction matter was delayed six years. But that delay cannot show the judge's need to recuse prior to entry of a judgment.

Because no reasonable jurist could debate the validity of the due process claim, Mr. Wallin is not entitled to a certificate of appealability to appeal the trial judge's denial of the motion to recuse.

### 3. Mr. Wallin is not entitled to appeal the calculation of credits for pretrial confinement.

During the time that Mr. Wallin spent in custody awaiting sentencing on an assault charge, he was still on parole for an earlier offense. The state court applied confinement credit for that time to his earlier sentence but not to his new sentence for the assault. This allocation of credit was required under Colorado law. Colo. Rev. Stat § 18-1.3-405.

Mr. Wallin moves for habeas relief under § 2254, claiming that he could not post bail and arguing that application of the Colorado statute required him to serve more time than another prisoner who had been able to post bail. According to Mr. Wallin, the difference in prison time resulted in a denial of equal protection.

Mr. Wallin's challenge is not cognizable under § 2254 because the calculation of credits did not affect the validity of his conviction or sentence. Typically we consider this kind of challenge under § 2241. *See, e.g.*, *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). But even if we were to recharacterize the claim as one brought under § 2241, Mr. Wallin

could appeal only if we issue a certificate of appealability. *Montez v. McKinna*, 208 F.3d 862, 867-69 (10th Cir. 2000).

We rejected a virtually identical claim in *Vasquez v. Cooper*, 862 F.2d 250, 251-55 (10th Cir. 1988). Under *Vasquez*, Mr. Wallin's claim is not reasonably debatable. Thus, we decline to issue a certificate of appealability on this claim.

**C.    Mr. Wallin is entitled to appeal the disposition of his challenges to his conviction involving introduction of expert testimony, involuntariness of the alleged victim's statements, confidentiality of medical information, abuse of subpoena power, and prosecutorial misconduct.**

Mr. Wallin also sought habeas relief under § 2254 based on alleged errors involving

- introduction of an expert witness's opinion testimony on the impact of domestic violence,

- introduction of involuntary statements by the alleged victim,

- misconduct by the prosecutor,

- use of the alleged victim's confidential medical information, and

- abuse of subpoena power.

The federal district court held that Mr. Wallin had procedurally defaulted on these claims. In light of this ruling, we can grant a certificate of appealability only if reasonable jurists could debate (1) the applicability of

10

procedural default and (2) the merits. *See Frost v. Pryor*, 749 F.3d 1212, 1230 n.11 (10th Cir. 2014) (procedural default); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (merits). Given the sparse record and insufficient adversarial briefing, we believe that the issues involving procedural default and the merits are reasonably debatable.

After Mr. Wallin was convicted, he filed two motions in state court: a motion for a new trial and a motion for postconviction relief. Under state law, the court would ordinarily bear an obligation to deny postconviction relief if the same claim (1) had been previously rejected in a direct appeal or postconviction proceeding or (2) could have been presented in a prior appeal or postconviction proceeding. Colo. R. Crim. P. 35(c)(3)(VI)-(VII). Exceptions exist, but none would even arguably apply here. See Colo. R. Crim. P. 35(c)(3)(VI)(a)-(b), VII(a)-(e).

In light of the state law governing postconviction relief, a federal appellate panel considering procedural default would need to begin with the state appellate court's rationale. The state appeals court held that under state law, the motion for a new trial constituted a motion for postconviction relief. On that basis, the state appeals characterized Mr. Wallin's arguments as "successive" on the ground that they were or could have been presented earlier in the direct appeal or the motion for a new

11

trial. Thus, the state appeals court declined to consider the merits of any of the arguments presented in Mr. Wallin's subsequent motion for postconviction relief.

In light of the state appeals court's characterization of Mr. Wallin's arguments as successive, the federal district court concluded that Mr. Wallin had procedurally defaulted on the habeas claims because they were based on an adequate and independent state procedural ground. This conclusion does not distinguish between two types of successive claims: (1) those that had been asserted earlier and (2) those that could have been presented earlier.

The state appeals court's refusal to consider the postconviction claims could have been based on the fact that these claims

- had already been decided in connection with the direct appeal or the motion for a new trial or

- could have been presented earlier but weren't.

But which was it? To the state appeals court, the difference would not have mattered because either way, Mr. Wallin's claims would not have been cognizable in postconviction proceedings. For purposes of federal habeas relief, however, the difference might be significant because the habeas claims would not be procedurally barred if they had already been presented

12

in the motion for a new trial. *See Cone v. Bell*, 556 U.S. 449, 467 (2009) ("When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision . . . provides strong evidence that the claim has already been given full consideration by the state courts and thus is *ripe* for federal adjudication." (emphasis in original)); *see also Davis v. Workman*, 695 F.3d 1060, 1072 (10th Cir. 2012) ("A state court's invocation of res judicata does not . . . create a procedural bar to relief under § 2254.").

The federal district court did not distinguish between Mr. Wallin's claims that *were* raised earlier and those that *could have* been raised earlier, but we must draw this distinction to determine whether Mr. Wallin is entitled to an appeal.

For example, it is apparent from the record that Mr. Wallin's direct appeal included a challenge to the admissibility of expert testimony on domestic violence. This issue was properly raised in the direct appeal, and the Colorado Court of Appeals decided this issue on the merits. *See* R. at 73-77 (opinion); *id.* at 354-59 (Mr. Wallin's opening brief in the direct appeal). Thus, on this claim, the federal district court's invocation of procedural default is at least reasonably debatable.

13

The same is true of Mr. Wallin's habeas claims involving involuntariness of the victim's statements, use of the victim's confidential medical information, abuse of subpoena power, and prosecutorial misconduct. The Colorado Court of Appeals rejected these claims in Mr. Wallin's postconviction appeal, reasoning that the gist of these claims had already been decided through the motion for a new trial. R. at 59-60; *see also id.* at 60 (explaining that some of the arguments for Mr. Wallin's prosecutorial misconduct claim had been previously raised, but the "remaining arguments" for this claim had not been previously raised). In these circumstances, reasonable jurists could debate the federal district court's finding of a procedural default.

To obtain a certificate of appealability, Mr. Wallin must also show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But we have little information with which to assess the merits of these habeas claims. For example, our record on appeal does not include the trial transcript or meaningful adversarial briefing on Mr. Wallin's habeas claims.

When the record is too sparse for meaningful evaluation, a reasonable jurist might conclude that the habeas claims are at least

14

debatable. As a result, we grant a certificate of appealability on Mr.

Wallin's challenges to the introduction of expert testimony, introduction of

the alleged victim's statements, use of confidential medical information,

use of subpoena power, and conduct of the prosecutor.

**D.    Mr. Wallin is not entitled to appeal the remaining challenges to his conviction under § 2254.**

In the § 2254 habeas petition, Mr. Wallin also alleges

- error in allowing introduction of unsubstantiated testimony by Mr. Lehmann that he had spoken to Mr. Wallin,

- ineffective assistance of counsel,

- error in allowing the jury to consider the victim's affliction with battered-person syndrome without any expert evaluation,

- error in allowing a prosecution witness to observe the trial proceedings before testifying,

- insufficient evidence of guilt,

- striking of a venireperson based on minority status,

- inadequacy of the jury instructions,

- irregularities in the preliminary hearing,

- failure to dismiss the Information even though it was based on inadmissible statements,

- imposition of an excessive sentence,

15

- violation of the U.S. Constitution in applying a Colorado statute,

- violation of the U.S. Constitution in allowing introduction of testimony that Mr. Wallin had been in prison, and

- error in allowing a witness to advise the jury.

The federal district court regarded these habeas claims as procedurally barred. In doing so, the court again did not distinguish between

- Mr. Wallin's claims that were rejected in state postconviction proceedings because the claims had been decided earlier and

- Mr. Wallin's claims that were rejected in state postconviction proceedings because the claims could have been presented earlier.

*See* Colo. R. Crim. P. 35(c)(3)(VI)-(VII). Nonetheless, all reasonable jurists would agree with the federal district court because these claims were not timely raised in state court.

Even now, Mr. Wallin has never presented the state appeals court with his claims involving

- inadequacy of the jury instructions,

- constitutional error in applying a Colorado statute,

- error in allowing introduction of testimony by Mr. Lehmann that he had spoken to Mr. Wallin, and

- imposition of an excessive sentence.

16

These claims were omitted in the direct appeal, the motion for a new trial, and the motion for postconviction relief.

Mr. Wallin could theoretically return to state district court to exhaust these claims. If he did so, however, the state courts would decline to consider the claims because they could have been presented earlier. *See* Colo. R. Crim. P. 35(c)(3)(VII). In these circumstances, we would consider the habeas claims subject to an "anticipatory procedural default." *See Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."). To avoid the anticipatory procedural default, Mr. Wallin would need to show either (1) "cause" for failing to present the claims in earlier proceedings and resulting "prejudice" or (2) a fundamental miscarriage of justice based on a credible showing of actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014).

Mr. Wallin has not attempted to make either showing. Thus, any reasonable group of appellate jurists would reject Mr. Wallin's claims based on anticipatory procedural default. In these circumstances, we decline to issue a certificate of appealability on Mr. Wallin's claims

17

involving inadequacy of the jury instructions, constitutional error in application of a Colorado statute, error in allowing testimony by Mr. Lehmann about a conversation with Mr. Wallin, and imposition of an excessive sentence.

We can tell from the record that the state appeals court reasoned that Mr. Wallin could have presented the remainder of his § 2254 claims earlier but didn't. For example, the Colorado Court of Appeals held that

- the ineffective assistance claim could have been brought in Mr. Wallin's motion for a new trial and

- Mr. Wallin could have argued in the direct appeal that the evidence of guilt had been insufficient, the prosecutor had improperly stricken a venireperson based on minority status, the preliminary hearing had involved irregularities, and the Information had been deficient.

R. at 59, 61, 63.

### E. Mr. Wallin is not entitled to appeal on his habeas claims involving deficiencies in the state postconviction proceedings.

Mr. Wallin alleges irregularities in the state postconviction proceedings. But our precedents are clear: challenges involving state postconviction proceedings are not cognizable in a federal habeas action because challenges of this type do not involve a constitutional violation in the underlying conviction. *See Hopkinson v. Shillinger,* 866 F.2d 1185,

18

1219 (10th Cir. 1989) ("The presence of a procedural deficiency in a state's scheme for postconviction relief . . . does no violence to federal constitutional rights."), *overruled on other grounds as stated in Phillips v. Ferguson,* 182 F.3d 769, 772-73 (10th Cir. 1999).

Under these precedents, no reasonable jurist would credit Mr. Wallin's challenge to the denial of postconviction relief. As a result, Mr. Wallin is not entitled to a certificate of appealability on his habeas claims involving irregularities in the state postconviction proceedings.

## II.    Mr. Wallin's § 2241 Petition

Mr. Wallin also brings challenges under 28 U.S.C. § 2241, arguing that his sentence was improperly executed. According to Mr. Wallin, the Parole Board

- denied him parole and community-corrections placement based on incorrect information and

- staffed his parole hearing with only a single member of the Parole Board.

We must again determine if these challenges are reasonably debatable. *See* 28 U.S.C. § 2253(c)(2). In our view, they are not.

If Mr. Wallin were allowed to appeal, the appellate panel would engage in de novo review of the federal district court's legal analysis. *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005).

19

In the § 2241 petition, Mr. Wallin requests removal of erroneous information from his file, a new parole hearing, and reconsideration of the parole board's denial of community placement. But before these claims were adjudicated in federal district court, Mr. Wallin obtained parole. With the grant of parole, the claims in Mr. Wallin's § 2241 petition became moot.

An appeal ordinarily becomes moot under Article III of the U.S. Constitution when a petitioner no longer suffers "actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70 (1983). An exception exists when the challenged sentence creates collateral consequences. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Even if Mr. Wallin were to prevail on the merits, he has already obtained his requested relief and we cannot shorten his parole term in an attempt to "make up" for a longer term of incarceration. *See id.* Because Mr. Wallin's unexpired sentence cannot be reduced or eliminated by a ruling in his favor, his habeas claims are now moot.

Mr. Wallin contends that the allegedly erroneous information remaining in his prison record represents an ongoing injury because he may eventually return to prison and, if he does, that information would again be

held against him. But that risk is speculative; we assume that Mr. Wallin will not re-offend. *Id.*, *Spencer v. Kemna,* 523 U.S. 1, 16 (1998). If Mr. Wallin does not return to criminal activity and return to prison, he will not face any consequences as a result of the alleged errors contained in his prison file.

Because the § 2241 claims are moot, we conclude that no reasonable jurist would entertain these claims. Therefore, Mr. Wallin is not entitled to a certificate of appealability on the claims in his § 2241 petition.

## III.  Disposition

We grant a certificate of appealability on Mr. Wallin's claims involving the admissibility of expert testimony, involuntariness of his statements, use of confidential medical information, abuse of subpoena power, and prosecutorial misconduct. We direct the respondent to file a response brief on these claims within 21 days. With the response brief, the respondent shall supplement the record on appeal with all material evidence relating to these claims.

We deny a certificate of appealability on all of Mr. Wallin's other claims.

21

**IV.    Motion for Leave to Proceed in Forma Pauperis**

Mr. Wallin seeks leave to proceed in forma pauperis. This request is granted.

Entered for the Court

Robert E. Bacharach
Circuit Judge

22