FILED
United States Court of Appeals
Tenth Circuit

August 16, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL ARP,

    Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

    Respondent - Appellee.

No. 17-5063
(D.C. No. 4:14-CV-00328-CVE-TLW)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Samuel Arp, a prisoner of Oklahoma proceeding pro se,[1] seeks to appeal from

the district court's denial of his federal habeas application under 28 U.S.C. § 2254.

Exercising jurisdiction under 28 U.S.C. § 1291, we deny his requests to issue

certificates of appealability ("COAs") on seven issues and dismiss this matter.

Mr. Arp's central argument is that the district court, in denying his habeas

application, failed to address three claims he included in his application. We

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Arp appears pro se, we construe his filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

conclude that, even if Mr. Arp properly presented these claims to the district court (which we do not decide), he is not entitled to COAs on any of these claims. Further, Mr. Arp is not entitled to a COA on the four claims the district court did address.

## I. **PROCEDURAL HISTORY**

To explain Mr. Arp's argument before us, we recount the state and federal proceedings in his case.

### 1. **State Proceedings**

#### a. *Trial*

After Mr. Arp stabbed his girlfriend in 2011, an Oklahoma jury convicted him of (1) Assault and Battery with a Dangerous Weapon After Two or More Felony Convictions and (2) Obstructing an Officer. *See* Okla. Stat. Ann. tit. 21 §§ 645, 540. He received a prison sentence of 60 years on the first count and 30 days on the second count.

#### b. *Direct Appeal*

On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. *See Arp v. State*, No. F-2011-971 (Okla. Crim. App. Feb. 20, 2013) (unpublished). Mr. Arp raised three state law evidentiary issues on appeal, arguing that: (1) the State's expert witness had given wide-ranging testimony about abused women when there was no evidence of ongoing domestic abuse between Mr. Arp and his girlfriend; (2) Mr. Arp's girlfriend, whom the State called to rebut Mr. Arp's self-defense claim, had testified about Mr. Arp's uncharged misconduct; and (3) the State,

2

in proving that Mr. Arp had prior felony convictions, had improperly revealed to the jury that he had a murder conviction.

The OCCA rejected these claims. First, it ruled the trial court had not abused its discretion in admitting the domestic violence expert testimony because there *was* evidence of domestic abuse. Second, the OCCA determined Mr. Arp had not objected to his girlfriend's testimony on rebuttal and therefore reviewed for plain error. It concluded he had not shown error, plain or otherwise, because her testimony, including testimony regarding prior acts of violence, was relevant to rebut his self-defense claim. Third, the OCCA ruled the trial court's failure to redact information from Mr. Arp's prior convictions was not an abuse of discretion and that it had not caused the jury to assess an excessive sentence.

c. *Post-conviction proceedings*

Mr. Arp next filed an application for state post-conviction relief. He raised two claims: (1) his appellate lawyer had been constitutionally ineffective on direct appeal by leaving out various claims regarding trial counsel's ineffectiveness;[2] and (2) he was factually innocent. Although Mr. Arp styled his second claim as one of "factual innocence," the substance of his claim, he explained, was that his trial counsel had failed to present evidence that his girlfriend was under the influence of

_____

[2] Mr. Arp asserted his appellate counsel had been ineffective for failing to raise four alleged errors of trial counsel: (1) failure to call Mr. Arp and other (unnamed) exculpatory witnesses, (2) failure to investigate the case, (3) failure to object to rebuttal witness testimony, and (4) failure to adequately prepare for trial.

drugs when he stabbed her and that this information could have bolstered his self-defense claim.

The state district court denied his post-conviction application. On the first claim, it ruled that not one of his underlying trial counsel ineffectiveness theories was meritorious and thus denied his appellate-ineffectiveness claim. On the second claim—that Mr. Arp was factually innocent because his trial counsel had been ineffective in failing to present self-defense evidence—the district court denied the claim as waived because it could have been, but was not, presented on direct appeal.

Mr. Arp appealed the denial of his post-conviction application. The OCCA affirmed. *See Arp v. State*, No. PC-2013-1097 (Okla. Crim. App. Feb. 20, 2014) (unpublished). In evaluating Mr. Arp's ineffectiveness claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the OCCA ruled Mr. Arp had failed to show that his appellate counsel had performed deficiently or that Mr. Arp had been prejudiced. The OCCA agreed with the state district court that Mr. Arp had procedurally defaulted his second claim by not presenting it on direct appeal.

2. **Federal Proceedings**

Mr. Arp next filed an application for federal habeas relief in the U.S. District Court for the Northern District of Oklahoma under 28 U.S.C. § 2254. The district court understood Mr. Arp to raise four grounds for relief (grounds three and four appear to overlap): (1) ineffective assistance of appellate counsel; (2) insufficient evidence; (3) the Oklahoma courts' refusal to decide his factual innocence claim based on a state law procedural bar violated due process; and (4) the Oklahoma

4

courts' failure to apply Supreme Court law and address the merits of Mr. Arp's procedurally barred claim also violated due process. *See Arp v. McCollum*, No. 14-CV-0328-CVE-tlw, 2017 WL 1708027, at *2 (N.D. Okla. May 2, 2017) (unpublished). The district court denied relief.

On ground one, the court applied the standard of review prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") because the OCCA had adjudicated Mr. Arp's appellate ineffectiveness claim on its merits. *See Arp*, 2017 WL 1708027, at *2-6; *see also* 28 U.S.C. § 2254(d). It concluded this ground failed under AEDPA because the OCCA's resolution of Mr. Arp's claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See id.* at *4-6; *see also* 28 U.S.C. § 2254(d)(1).

On ground two, the district court noted the OCCA's enforcement of a state procedural bar against Mr. Arp's factual innocence/evidence sufficiency claim. *See Arp*, 2017 WL 1708027, at *7. The court concluded this bar against claims that could have been, but were not, raised on direct appeal was an adequate and independent state law ground for the denial of relief. *Id.* Mr. Arp was thus not entitled to federal relief on this claim. *See Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012) (explaining that federal habeas relief is barred when a state prisoner "defaulted his federal claims in state court pursuant to an independent and adequate state procedural

rule," absent a showing of cause and prejudice for the default or a showing of a fundamental miscarriage of justice (quotations omitted)).[3]

On grounds three and four, the district court concluded no relief was available. *See Arp*, 2017 WL 1708027, at *9. These grounds challenged the state courts' reliance on a procedural bar as violating due process. But the district court explained that "challenges to state postconviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review." *Id.* (citing *Phillips v. Ferguson*, 182 F.3d 769, 773-74 (10th Cir. 1999); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); and *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (stating due process challenge to Oklahoma post-conviction procedures not "cognizable in a federal habeas proceeding")).

Having rejected all four grounds, the district court denied relief and entered judgment.[4] Mr. Arp filed a timely notice of appeal.

---

[3] The district court also rejected Mr. Arp's arguments that he could circumvent the procedural bar. First, he did not qualify for the "fundamental miscarriage of justice exception." *See Arp*, 2017 WL 1708027, at *7-8 (explaining that Mr. Arp challenged only the legal sufficiency of the evidence supporting his conviction and that "'actual innocence' refers to factual innocence and not mere legal sufficiency"). Second, it rejected his argument that the sufficiency claim had been defaulted because of his appellate counsel's ineffectiveness. *See id.* at *8 (concluding that, because the trial record revealed sufficient evidence of Mr. Arp's guilt, appellate counsel's failure to raise a sufficiency challenge on direct appeal did not affect the result of his direct appeal).

[4] The district court declined to issue Mr. Arp a COA on any of the four grounds. *See Arp*, 2017 WL 1708027, at *10. By separate order, it granted Mr. Arp's request to proceed with this appeal *in forma pauperis*.

## II.  LEGAL BACKGROUND

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).  Before we may exercise jurisdiction over Mr. Arp's appeal, he must obtain COAs for the issues he wishes to raise.  *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

## III.  DISCUSSION

Mr. Arp has filed a combined opening brief and request for COAs.  He asserts seven claims for relief—the four claims the district adjudicated and three more that he asserts it overlooked.  We address Mr. Arp's claims in two sets:  (1) the three claims the district court did not address and (2) the other four claims it rejected.  We conclude Mr. Arp is not entitled to a COA on any of his claims.

1. **The Three Direct Appeal Claims**

Mr. Arp explains that he intended to include in his § 2254 application the three claims he presented to the OCCA on direct appeal:

1. The trial court erred in admitting testimony from the domestic violence expert;

2. The trial court erred in admitting testimony from Mr. Arp's girlfriend about his uncharged misconduct; and

3. The State wrongly informed the jury that he had previously been convicted of murder and used that information to argue for a more severe sentence.

He included the three direct appeal claims in a section of his habeas application addressing the procedural history of this case. On the next page, the habeas form directs applicants as follows: "For *this* petition, state *every* ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States." ROA at 7, ¶ 12 (emphases added). Following this instruction, Mr. Arp presented the four grounds (labeled "GROUND I, GROUND II," etc.) that the district court later considered and rejected. His three direct appeal claims were not included.

Mr. Arp now requests that we grant COAs and remand so the district court can address the three claims he says he intended to raise all along. Citing his status as a pro se litigant, the absence of trained law clerks within the Oklahoma Department of Corrections to assist prisoners with their filings, his good faith, and the prospect that he will serve a 60 year sentence at age 55, Mr. Arp asks us to overlook his error in

8

not including the direct appeal claims in the appropriate section of his habeas application.

Even if we could overlook his technical error, we cannot grant Mr. Arp COAs on any of his three claims because he has not "made a substantial showing of the denial of a *constitutional* right" as required under 28 U.S.C. § 2253(c)(2) (emphasis added). His direct appeal claims all raised state law evidentiary issues. They do not implicate federal law and thus cannot serve as a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining "federal habeas corpus relief does not lie for errors of state law" (quotations omitted)); *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (explaining federal habeas courts "sit only to vindicate an applicant's constitutional rights" and that "federal habeas review is not available to correct state law evidentiary errors" (brackets and quotations omitted)).

Although a state prisoner may seek federal habeas relief "if a state law decision is so fundamentally unfair that it implicates federal due process," *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017), Mr. Arp has not argued that his direct appeal claims are anything other than matters of state law. He argued them as state law issues on direct appeal; he described them the same way in his federal habeas application; and now, in his application for COAs, he argues the direct appeal claims in state law terms. Because "[f]ederal habeas relief is not available to correct state law errors," *id.*, we decline to grant a COA on any of Mr. Arp's direct appeal claims or to remand them. *See United States v. Thomas*, 33 F.

App'x 446, 448 (10th Cir. 2002) (unpublished)[5] (explaining that, where "[t]he district court did not address petitioner's remaining claims," the "oversight [did] not entitle petitioner to a COA . . . because even had the district court addressed these claims, the result would not have been different"); *cf. United States v. Leopard*, 170 F.3d 1013, 1017-18 (10th Cir. 1999) (granting COA and remanding when district court failed to address defendant's motion to amend for inclusion of a claim that was an "evident winner" and that "[a]t the very least . . . raise[d] a substantial question").

Mr. Arp has not shown that reasonable "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. We deny his COA requests on these three claims.

2. **The Four Claims Resolved by the District Court**

Mr. Arp's combined brief and application for COAs states he "also take[s] issue on the remaining four (4) post-conviction grounds" the district court resolved against him. Aplt. Br. at 16. But his COA arguments are directed at the three direct appeal claims, discussed above, not the four claims the district court considered and rejected. Regardless, we conclude Mr. Arp is not entitled to a COA on any of the four claims because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Miller-El*, 537 U.S. at 336 (quotations omitted).

---

[5] We cite unpublished cases in this order only for their persuasive value. *See* Fed. R. App. P. 32.1, 10th Cir. R. 32.1.

On the first ground (appellate counsel ineffectiveness), the district court denied relief under AEDPA. *See Arp*, 2017 WL 1708027, at *2-6; *see also* 28 U.S.C. § 2254(d). In determining whether to issue a COA, "[w]e look to the [d]istrict [c]ourt's application of AEDPA to [Mr. Arp's] constitutional claims and ask whether *that* resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336 (emphasis added); *see Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA."); *see also Harrington v. Richter*, 562 U.S. 86, 101 (2011) (explaining that, when state court rejected applicant's claim under *Strickland*, federal habeas relief is unavailable "so long as fairminded jurists could disagree on the correctness of the state court's decision" (quotations omitted)). For substantially the same reasons given in the district court's order, we conclude its determination that Mr. Arp's ineffectiveness claim does not give rise to federal habeas relief under AEDPA is not debatable among jurists of reason. *See Arp*, 2017 WL 1708027, at *4-6. Because the correctness of the district court's decision under AEDPA is not subject to reasonable debate, Mr. Arp is not entitled to a COA on this ground.

Similarly, the district court's conclusion that an independent and adequate state procedural rule barred his second ground—regarding the sufficiency of the evidence/his factual innocence—is not subject to debate among jurists of reason. *See Arp*, 2017 WL 1708027, at *7-9. When, as happened on Mr. Arp's second ground, a "district court denies a habeas petition on procedural grounds," the prisoner cannot

11

obtain a COA without showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Mr. Arp has not made either showing, and we therefore decline to issue a COA on his second ground.

The district court rejected Mr. Arp's third and fourth grounds as "not ris[ing] to the level of federal constitutional claims cognizable on habeas corpus review" because they challenged Oklahoma's procedural rules regarding post-conviction applications, as opposed to trial errors in his case. *Arp*, 2017 WL 1708027, at *9. Under our precedent, reasonable jurists could not debate the correctness of the district court's decision to deny relief. *See Phillips*, 182 F.3d at 772 ("The federal courts on habeas review cannot strike down as unconstitutional a state post-conviction procedural rule."); *see also Sellers*, 135 F.3d at 1339. As we have done in other cases raising similar challenges, *see, e.g.*, *Wallin v. Miller*, 661 F. App'x 526, 534-35 (10th Cir. 2016) (unpublished); *Walton v. Falk*, 577 F. App'x 893, 894 (10th Cir. 2014) (unpublished), we decline to issue a COA on either of these grounds.

## IV.  **CONCLUSION**

We deny Mr. Arp's COA requests and dismiss this matter.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge