**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID THOMAS RHODES,

        Petitioner–Appellant,

v.

DAN JUDISCAK, Regional Vice
President, Dismas Charities, Inc.,

        Respondent–Appellee.

No. 10-2268

---

**ORDER**

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

This matter is before the court on appellant's petition for rehearing en banc. The original panel members have determined that sua sponte amendment of our original opinion is in order. Therefore, an amended decision is attached. The Clerk is directed to reissue the decision as amended nunc pro tunc to July 27, 2011.

The request for en banc consideration was circulated to all the judges of the court who are in regular active service. No judge called for a poll. Accordingly, appellant's

request for en banc review is denied.

Entered for the Court

Elisabeth A. Shumaker, Clerk

2

FILED
United States Court of Appeals
Tenth Circuit

July 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DAVID THOMAS RHODES,

       Petitioner–Appellant,

v.

DAN JUDISCAK, Regional Vice
President, Dismas Charities, Inc.,

       Respondent–Appellee.

No. 10-2268

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 2:10-CV-00501-JCH-RHS)**

_____

Submitted on the briefs:[*]

David Thomas Rhodes, Petitioner-Appellant, Hobbs, New Mexico, Pro Se.

Andrea W. Hattan, Assistant U.S. Attorney (Kenneth J. Gonzales, U.S. Attorney with her
on the briefs), Las Cruces, New Mexico, for Respondent–Appellee.

_____

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

_____

**LUCERO**, Circuit Judge.

David Thomas Rhodes appeals the district court's order dismissing his 28 U.S.C. § 2241 petition as moot. Rhodes' petition challenges only the length of his prison sentence. But he concedes he is no longer in prison. Although he remains subject to a long term of supervised release, this court cannot issue a judgment on his § 2241 petition that will shorten his supervised release term. Exercising jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, see <u>Faustin v. City & County of Denver</u>, 268 F.3d 942, 947 (10th Cir. 2001), we affirm.

## I

Rhodes was convicted on drug-related charges in 1993, and sentenced to twenty years' imprisonment and ten years' supervised release. He filed this § 2241 petition in 2010, challenging the Federal Bureau of Prisons' calculation of his sentence. After discovering that Rhodes was no longer in prison, the district court ordered him to show cause why his § 2241 petition should not be dismissed as moot. Rhodes conceded that he was no longer incarcerated, but claimed he could still challenge his sentence. He argued that, had his sentence been shorter, he would have started his term of supervised release earlier, and was consequently "suffering from collateral consequences from conviction adequate to meet Article III's injury in fact requirement." The district court dismissed the petition as moot, concluding that even if Rhodes' argument were correct, the court had no authority to shorten the length of his supervised release.

2

## II

Federal judicial power is limited by the Constitution to "Cases" and "Controversies," U.S. Const. art. III, § 2, and the case-or-controversy limitation underpins both standing and mootness jurisprudence. Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 180 (2000). A case becomes moot when a plaintiff no longer suffers "actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).

Rhodes has completed his prison sentence. To the extent that he seeks a shorter term of imprisonment, it is obviously no longer possible to provide such relief. But release from prison does not necessarily moot a habeas petition. See, e.g., Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). Insofar as an ex-prisoner continues to suffer "collateral consequences" from a conviction, the habeas petitioner retains "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." Id. at 237 (quotation omitted). Being on supervised release can amount to a collateral consequence "because the defendant's liberty is affected by ongoing obligations to comply with supervised release conditions and restrictions." United States v. Vera-Flores, 496 F.3d 1177, 1180 (10th Cir. 2007). Thus, "a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced or eliminated by a favorable appellate ruling." Id.

We agree that Rhodes may continue to assert an actual injury so long as he

3

remains subject to supervised release.  This is not the problem with his § 2241 petition.

The question is not whether the petition, which challenges only the calculation of

Rhodes' prison sentence, asserts a collateral consequence, but whether it asserts a

<u>redressable</u> collateral consequence.

**A**

Whether to grant a motion to terminate a term of supervised release under

18 U.S.C. § 3583(e)(1) is a matter of sentencing court discretion.  See United States v.

Lowe, 632 F.3d 996, 998 (7th Cir. 2011).  Section 3583(e)(1) gives the sentencing court

exclusive authority to "terminate a term of supervised release and discharge the defendant

released at any time after the expiration of one year of supervised release . . . if [the

court] is satisfied that such action is warranted by the conduct of the defendant released

and the interest of justice."  United States Supreme Court precedent, moreover, clearly

prohibits habeas courts—including this court and the district court below—from

modifying a supervised release term to make up for a too-long prison sentence.  See

United States v. Johnson, 529 U.S. 53, 59-60 (2000); Crawford v. Booker, No. 99-3121,

2000 WL 1179782, at *2 (10th Cir. Aug. 21, 2000) (unpublished).

But Rhodes advances a different argument for relief:  Although we cannot directly

shorten Rhodes' term of supervised release, he asks that we declare that the sentence he

served was excessive as a matter of law.  Such a declaration might bolster his eventual §

3583(e)(1) petition asking the sentencing court to shorten his term of supervised release.

As it turns out, our sister circuits are split on whether such an argument defeats mootness.

4

**B**

In Johnson v. Pettiford, which involved a § 2241 petitioner in the same situation as Rhodes, the Fifth Circuit explained (without further analysis) that "the possibility that the district court may alter [the petitioner's] period of supervised release pursuant to [§ 3583(e)(1)], if it determines that he has served excess prison time, prevents [the] petition from being moot." 442 F.3d 917, 918 (5th Cir. 2006) (per curiam). Similarly, in Reynolds v. Thomas, the Ninth Circuit held (also without analysis) that an allegation of "over-incarceration" presented in a § 2241 petition was not moot because a district court "could consider [the excess prison time] under [§ 3583(e)(1)] as a factor weighing in favor of reducing the term of supervised release." 603 F.3d 1144, 1148 (9th Cir. 2010). And in Cleckler v. United States, the Eleventh Circuit was even more laconic, resolving the matter with the statement that the petitioner's federal habeas claim "is not moot because he is still serving his supervised release term and that term could change if he prevailed on appeal," 410 F. App'x 279, 283 (11th Cir. 2011) (unpublished), while declining to explain just how the supervised release term could be modified in light of Johnson, 529 U.S. at 59.

An opposite conclusion was reached by the Third Circuit in Burkey v. Marberry, 556 F.3d 142, 144-45 (3d Cir. 2009). The panel explained that whether a particular collateral consequence is sufficient to defeat mootness turns on "the likelihood that a favorable decision would redress the injury or wrong." Id. at 148 (citing Spencer v. Kemna, 523 U.S. 1, 14-16 (1998)) (quotation omitted). By analogy to Spencer, in which

5

"the Court rejected numerous collateral consequences proffered by the petitioner because they were no more than 'a possibility rather than a certainty or even a probability,' or pure speculation," the Third Circuit dismissed the § 2241 petition as moot because "[t]he 'likely' outcome here is not that the District Court's order will cause the sentencing court . . . to reduce [the petitioner's] term of supervised release." Burkey, 556 F.3d at 148. Instead, to get the relief he wanted, the petitioner would have to file a § 3583(e)(1) motion in his sentencing court, a motion which the sentencing court had broad discretion to grant or deny. Burkey, 556 F.3d at 148-49. "The possibility that the sentencing court will use its discretion to modify the length of [the] term of supervised release under [§] 3583(e) . . . is so speculative that any decision on the merits [of the § 2241 petitioner's challenge to his sentence] by the District Court would be merely advisory and not in keeping with Article III's restriction of power." Burkey, 556 F.3d at 149.

In an unpublished decision, the District of Columbia Circuit recently followed Burkey. See United States v. Bundy, 391 F. App'x 886, 887 (D.C. Cir. 2010) (unpublished) ("The prospect that our resolution of the [§ 2241 petitioner's] instant appeal [challenging his sentence] will influence the district court to exercise its discretion to terminate [his] supervised release under § 3583(e)(1) is so speculative that any decision on the merits would be merely advisory . . . ." (quotation omitted)).

## C

We agree with the result suggested by the Third and District of Columbia Circuits. "A case is moot if events have so transpired that the decision will neither presently affect

6

the parties' rights nor have a more-than-speculative chance of affecting them in the future." Transwestern Pipeline v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990) (citation omitted); see also Laidlaw Envtl. Servs., 528 U.S. at 180 (2000). This court can no longer issue a judgment that has a more-than-speculative chance of affecting Rhodes' rights. We cannot modify his sentence now that it has been completed. And we are not allowed to give him a judicial make-up call by shortening his supervised release term. See Johnson, 529 U.S. at 59. As Rhodes concedes, the best this court could do for him would be to declare that he spent longer in prison than he should have. It is merely speculative, however, that such a declaration could redress Rhodes' injury.

Rhodes' ability to obtain modification under the supervised release statute remains wholly within the discretion of the sentencing court. In making this discretionary determination, a sentencing court considers a variety of factors under § 3553(a). See § 3583(e). If Rhodes did in fact serve too much time in prison, a sentencing court might also place weight on that equitable consideration. But the court could nevertheless conclude, for example, that Rhodes would benefit from additional substance abuse treatment and therefore refuse to terminate his supervised release—even in light of an over-long sentence. In other words, at this point it is entirely speculative whether a declaration from this court stating that Rhodes' sentence was excessive will aid him in the future. See United States v. Juvenile Male, 131 S.Ct. 2860, 2864 (2011) (per curiam) ("[A] favorable decision in this case might serve as a useful precedent for respondent in a hypothetical [future] lawsuit . . . . But this possible, indirect benefit in a future lawsuit

7

cannot save this case from mootness.").

## III

Rhodes can ask for a shorter term of supervised release. But to do so he must file a § 3583(e)(1) petition. This habeas petition, challenging only his sentence, is moot. The district court's order dismissing Rhodes' § 2241 petition for that reason is **AFFIRMED**.

8