**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN LAMONT WALKER,

          Petitioner – Appellant,

v.

UNITED STATES OF AMERICA;
MR. LEDEZMA, Warden, Federal
Correctional Institution El Reno,

          Respondents – Appellees.

No. 11-6198
(D.C. No. 5:10-CV-00478-HE)
(W.D. Okla.)

**ORDER DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Kevin Lamont Walker's 28 U.S.C. § 2241 petition complained about the Bureau of Prisons' (BOP) calculation of his sentences for two unrelated federal convictions. Concluding the BOP did not err in its computations, the district court denied his petition. His appeal from that decision was dismissed for lack of prosecution. *United States v. Walker,* No. 11-6119, slip op. (10th Cir. Mar. 7, 2012). He then filed a motion seeking relief under Federal Rule of Civil Procedure 60(b)(1). The motion essentially repeated the arguments made in his § 2241 petition. Understandably, the district court construed the motion as a successive § 2241 petition and dismissed it. Walker again appealed.

Because Walker had completed serving his sentence and was released from the

custody of the BOP on April 4, 2012, the United States moved to dismiss the now moot appeal under 10th Cir. R. 27.2(A)(1)(a) and 27.2(A)(3)(a). Although he has had sufficient time, Walker has not responded to the government's motion.

Mootness occurs when an "actual injury that can be redressed by a favorable judicial decision" no longer exists. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). *See Rhodes v. Judiscak*, ___ F.3d ___, No. 10-2268, 2012 WL 171917, at *4 (10th Cir. Jan. 23, 2012) (dismissing as moot an appeal from the denial of a § 2241 habeas petition challenging only the petitioner's sentence computation because the petitioner had been released from custody). This appeal is moot. Appellant's motion to proceed in forma pauperis is DENIED.

DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge