**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LINDA EDWARDS,

    Defendant - Appellant.

No. 14-1184
(D. Ct. Nos. 1:11-CV-01054-MSK
and 1:04-CR-00463-MSK-16)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, McKAY,** and **MATHESON,** Circuit Judges.

Linda Edwards needs a certificate of appealability ("COA") to appeal whether the

district court erred in denying her an evidentiary hearing to establish three ineffective

assistance of counsel claims for habeas relief under 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 petition). We

deny COA because Ms. Edwards has not shown "that reasonable jurists could debate

whether . . . the petition should have been resolved in a different manner or that the issues

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## I. **BACKGROUND**

### A. *Indictment and Trial*

A federal grand jury charged Ms. Edwards, a real estate agent, with participating in a scheme to defraud the U.S. Department of Housing and Urban Development and the Federal Housing Administration by using false information on home loan applications. Following a trial, a jury convicted her of six counts of wire fraud, five counts of making false statements, and two counts of using a false social security number.

At sentencing, the district court calculated the loss caused by Ms. Edwards's fraud to be $460,113.98. The court used the loss calculation to increase Ms. Edwards's base offense level by 14 under the applicable Sentencing Guidelines. *See* U.S.S.G. § 2B1.1(b)(1)(H) (2002) (directing 14-level enhancement if fraud causes loss between $400,000 and $1 million). The court sentenced Ms. Edwards to 41 months in prison, three years of supervised release, and restitution of over $600,000.

### B. *Direct Appeal*

Ms. Edwards appealed her conviction and sentence, and we affirmed both. *United States v. Mullins*, 613 F.3d 1273 (10th Cir. 2010). She argued the district court erred when it calculated the term of imprisonment and restitution sentences because it incorrectly included transaction "1U" in the loss calculation. She contended an intervening refinancing on the mortgage "meant she was no longer the proximate cause of any loss." *Id.* at 1293-94.

- 2 -

We observed her trial counsel failed to object to the district court's inclusion of the 1U transaction and applied plain error review. We assumed without deciding that even if it were error to include transaction 1U in the loss calculation, Ms. Edwards had not carried her burden under plain error review to show "that the error affected her substantial rights" or "undermined the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1294.

## C. *Habeas Proceedings*

While incarcerated, Ms. Edwards filed a pro se motion to vacate her convictions and sentence under § 2255. She argued her trial counsel failed to challenge the court's sentencing decision to the extent it was based on an "erroneous Loss Calculation . . . causing an illegal sentence of incarceration and restitution to be placed on defendant." Mot., ECF No. 2488, ROA, Vol. 1 at 539. She also argued her trial counsel failed to call various material witnesses who would have supported her claim of innocence. *Id.* at 542-43. Her motion also mentioned in passing that "Defendant request[s] in the event of an evidentiary hearing the suppression of audio/video surveill[a]nce." *Id.* at 547.

The district court sua sponte appointed representation for Ms. Edwards and authorized counsel to "adopt, supplement or withdraw" her § 2255 motion. Order, ECF No. 2509, ROA, Vol. 2 at 18. With counsel's help, Ms. Edwards filed a two-page supplemental § 2255 motion, Suppl. Mot., ECF No. 2521, ROA, Vol. 2 at 27-28, stating it "hereby adopts all arguments advanced by Ms. Edwards in support of her ineffective-assistance-of-counsel claims," and "withdraws all arguments which are unrelated to the

ineffective-assistance-of-counsel claims." *Id.* at 27. She supplemented her claims with "additional acts and omissions," alleging:

> A. Trial counsel failed to properly advise Ms. Edwards regarding her right to testify at trial, failed to properly prepare [her to] testify, and failed to recommend that she testify.
> B. Trial counsel failed to ask this Court to exclude transaction 1U from its loss calculation. If counsel had made such a request, the loss would have been less than $400,000, the Guideline range would have been lower, and the ultimate sentence would have been lower than the 41-month sentence that was imposed.

*Id.* at 28 (citation omitted). She also requested "an evidentiary hearing in this matter, pursuant to 28 U.S.C. 2255(b)." *Id.*

The Government opposed both the pro se motion and the supplemental motion. It argued the supplemental right-to-testify claim was untimely, Opp'n to Suppl. Mot., ECF No. 2531, ROA, Vol. 2 at 54-58, and the loss-calculation claim had already been disposed of on direct appeal, *id.* at 58-60. And it contended the failure-to-call-witnesses claim contained in the pro se motion failed to show deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984). Opp'n to Mot., ECF No. 2500, ROA, Vol. 1 at 605-07.

The district court denied habeas relief. It did not discuss Ms. Edwards's request for an evidentiary hearing, but implicitly denied it.

## II. **DISCUSSION**

To challenge the district court's order denying her request for an evidentiary hearing, Ms. Edwards must first receive a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). She must demonstrate that

- 4 -

"reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

"When a federal prisoner files a petition for post-conviction relief, the district court must hold an evidentiary hearing on the prisoner's claims '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)); *see also United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000) (same). A district court errs when it denies an evidentiary hearing on a § 2255 petition only if the court abused its discretion. *United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992).

Ms. Edwards argues an evidentiary hearing was necessary before the court could decide whether trial counsel was ineffective by failing to: (A) explain to Ms. Edwards she had a right to testify, prepare her to testify, and recommend she testify; (B) object to including the 1U transaction in the trial court's loss calculation; and (C) call certain material witnesses.

### A. *The Right-to-Testify Claim*

We conclude reasonable jurists could not debate whether an evidentiary hearing was needed to resolve the right-to-testify claim because the claim was untimely.

Ms. Edwards needed to file her § 2255 motion within one year of "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), which was

- 5 -

October 27, 2011.[1]  She timely filed her pro se motion on April 21, 2011, but her right-to-testify claim was contained in her supplemental motion, which was filed outside the one-year period on April 30, 2012.[2]

In the district court, Ms. Edwards conceded the supplemental motion was filed beyond the one-year statute of limitations period, but argued the right-to-testify claim was not time-barred because it related back to the claim raised in the pro se motion that "counsel failed to call material witnesses."  *See* Reply, ECF No. 2540, ROA, Vol. 2 at 80 (quotations omitted).  We disagree.

The failure-to-call-material-witnesses claim in Ms. Edwards's pro se § 2255 motion lists third parties who could have been called—it never hints that Ms. Edwards was one of those witnesses.  *See* Mot., ECF No. 2488, ROA, Vol. 1 at 542-44.  Thus, the right-to-testify claim did not "clarif[y] or amplif[y]" any claim in her original motion, but instead "seek[s] to add a new claim or to insert a new theory into the case."  *United States v. Espinoza-Saenz*, 235 F.3d 501, 504 (10th Cir. 2000); *cf. S. Hospitality, Inc. v. Zurich*

---

[1] We issued our judgment in Ms. Edwards's direct appeal on July 29, 2010.  She did not seek a writ of certiorari from the Supreme Court.  Thus, the statute of limitations for a § 2255 motion began running on October 27, 2010, and ended one year later on October 27, 2011.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (recognizing when a defendant files a direct appeal, but does not seek certiorari, the conviction becomes final 90 days after the appellate judgment issues); Sup. Ct. R. 13.1.

[2] No other tolling provisions apply because the record does not indicate government action which prevented Ms. Edwards from making a motion, a newly-recognized right made retroactively applicable, or newly-discovered facts.  *See* 28 U.S.C. § 2255(f)(2)-(4).  Nor does this case present "extraordinary circumstances" that implicate equitable tolling.  *See United States v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008).

*Am. Ins. Co.*, 393 F.3d 1137, 1142 (10th Cir. 2004) ("Where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented to the trial court or presents a theory that was discussed in a vague and ambiguous way, the theory will not be considered on appeal." (quotations omitted)).

Reasonable jurists could not debate the right-to-testify claim did not relate back and was therefore untimely. An evidentiary hearing would not change that. A COA is not warranted.

### B. *Loss-Calculation Claim*

Ms. Edwards also seeks a COA to determine if she should have received an evidentiary hearing on whether counsel was ineffective for failing to object at sentencing to inclusion of the 1U transaction in the district court's loss calculation. Ms. Edwards's loss-calculation claim challenges her sentence, which includes her term of imprisonment, supervised release, and restitution.

We conclude no reasonable jurist could debate the district court's rejection of this claim without holding an evidentiary hearing because (1) any challenge to imprisonment or supervised release is now moot, and (2) the challenge regarding restitution was inadequately raised in the district court.

### 1. **Imprisonment and Supervised Release Moot**

Ms. Edwards completed her prison sentence in March 2012. To the extent she now raises the loss-calculation claim to shorten her term of imprisonment, "it is obviously no longer possible to provide such relief." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

To the extent she raises the loss-calculation claim to reduce or eliminate her remaining period of supervised release, she has failed to allege any connection between the court's loss calculation and the length of her supervised release. Nor can she claim her supervised release would have been reduced or eliminated had the district court held an evidentiary hearing and concluded Ms. Edwards's term of incarceration was too long because our precedent "clearly prohibits habeas courts—including this court and the district court below—from modifying a supervised release term to make up for a too-long prison sentence." *Id.*

The time to challenge the term of imprisonment or the supervised release has passed, and Ms. Edwards's claim in this respect is moot. *See id.* ("A case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." (quotations omitted)).

2. **Restitution Inadequately Raised**

To the extent Ms. Edwards argues the loss-calculation claim implicates the "imposition of restitution," Aplt. Br. at 21, the district court deemed that aspect of the claim waived. Order, ECF No. 2560, ROA, Vol. 2 at 123-24 n.4 (observing the supplemental motion clarified Ms. Edwards's loss-calculation claim, but focused only on how the loss calculation affected the prison sentence, leading the court to conclude that "[i]n the absence of a clear and conspicuous argument challenging the restitution amount on this ground, the Court deems Ms. Edwards to have waived submission of this issue").

Ms. Edwards's pro se motion was a series of memoranda totaling 50 pages and lacked organization, clear arguments, grammatically correct sentences, and record

citations to support the asserted facts. *See* Mot., ECF No. 2488, ROA, Vol. 1 at 535-84. The motion mentioned the 1U transaction only once within the context of restitution and the loss-calculation claim, and failed to differentiate whether she challenged her trial counsel's effectiveness, the district court's calculation, or both. *See id.* at 549. Courts can construe a pro se litigant's arguments "liberally," *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), but here the court asked counsel to clarify Ms. Edwards's arguments.

In the supplemental motion, counsel explained the scope of the vague loss-calculation claim was limited to challenging the term of imprisonment, which, as we have concluded, is a moot issue. We agree with the district court that Ms. Edwards did not adequately raise a claim about the amount of restitution.

\*　　\*　　\*

We conclude reasonable jurists could not debate that an evidentiary hearing was unnecessary. Ms. Edwards's loss-calculation claim is moot or not adequately raised. A COA is not warranted.

### C. *The Failure-to-Call-Witnesses Claim*

Ms. Edwards also seeks a COA on whether she should have received an evidentiary hearing on her claim that counsel was ineffective for not calling certain witnesses. Because she included this claim in her original motion, it is timely. But we conclude reasonable jurists could not debate whether the district court's disposition was within its range of discretion.

In her pro se § 2255 motion, Ms. Edwards proffered that three groups of witnesses could have shown (1) her conduct posed no risk of loss to the Federal Housing Authority, (2) she had not participated in the closing or processing of several allegedly improper home loans, and (3) no false information was offered at some of the home closings. *See* Mot., ECF No. 2488, ROA, Vol. 1 at 542-43. Ms. Edwards's supplemental motion did not add to the foregoing.

The district court reviewed the evidence and rejected the proffered testimony, concluding it was irrelevant and would not have changed the outcome of the trial. Appellate courts review such decisions not to hold an evidentiary hearing for abuse of discretion. *See Whalen*, 976 F.2d at 1348.

Ms. Edwards first argues the district court erroneously insisted she provide, apart from the proffers, evidence such as transcripts of the witnesses' testimony from other proceedings. The court initially addressed the proffers and concluded they failed to show ineffective assistance. This suggests that, had the proffers been different, the court may have concluded otherwise, or perhaps scheduled an evidentiary hearing. But the proffers fell short absent evidence providing more information and context to show "the significance of that testimony." Order, ECF No. 2560, ROA, Vol. 2 at 116. We see no error in how the district court proceeded because the court gave the proffers full consideration.

Ms. Edwards also contends the district court mistakenly concluded the proffered testimony was irrelevant. The district court judge had presided over the trial and re-examined all the relevant evidence to place the proffered testimony in context. The court

concluded Ms. Edwards failed to demonstrate "the relevance of such testimony, much less the prejudicial effect that not adducing such testimony had on the outcome of the trial." *Id.* It explained the proffered testimony does not address the ultimate "question of whether Ms. Edwards was involved in soliciting or encouraging the buyers' submission of false records." *Id.* at 117.

The question here is whether the district court's failure to hold an evidentiary hearing fell within its discretion, and Ms. Edwards has not shown otherwise. We conclude reasonable jurists could not debate whether the district court's decision not to conduct an evidentiary hearing on this claim was an abuse of discretion.

## III. **CONCLUSION**

For the foregoing reasons, we deny Ms. Edwards's request for COA and dismiss the matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge