FILED
United States Court of Appeals
Tenth Circuit

April 10, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PHILLIP JASON RHOADS,

    Defendant - Appellant.

No. 17-2081
(D.C. Nos. 1:16-CV-00325-JCH-GBW and
1:96-CR-00571-JCH-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.
_____

Phillip Rhoads appeals the district court's denial of his 28 U.S.C. § 2255

motion.  Because Rhoads' appeal is moot, we dismiss.

**I**

In 1997, Rhoads pled guilty to drug-related charges and was sentenced to a

total of 248 months' imprisonment.  Following the Supreme Court's decision in

Johnson v. United States, 135 S. Ct. 2551 (2015), we granted him authorization to

file a successive § 2255 motion.  The district court denied habeas relief.  Rhoads

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

timely appealed.  While his appeal was pending, Rhoads was placed on supervised release.  We vacated oral argument on the parties' motion and requested supplemental briefing on the issue of mootness.

## II

For a federal court to possess jurisdiction, the plaintiff "must have suffered some actual injury that can be redressed by a favorable judicial decision."  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983).  "An appeal is moot when we are unable to redress a plaintiff's injury by a favorable judicial decision, even if redressability was possible when the suit was initiated."  Shawnee Tribe v. United States, 423 F.3d 1204, 1212 (10th Cir. 2005).

Release from prison does not necessarily render a habeas motion moot.  See Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2011).  If a defendant suffers collateral consequences following release, he may challenge those consequences through habeas.  Id.  But Rhoads' § 2255 motion did not seek to shorten his term of supervised release.  He challenged the length of his term of imprisonment, arguing that his sentence was improperly enhanced based on a prior conviction.  We cannot redress this alleged injury given that Rhoads is no longer imprisoned.  Nor can we "modify[] a supervised release term to make up for a too-long prison sentence."  Id.

Rhoads argues that if we ruled in his favor, we would bolster the likelihood that the district court would later grant him relief under 18 U.S.C. § 3583(e)(1).  That statute gives district courts discretion to terminate a term of supervised release early.  Rhodes, 676 F.3d at 933.  We rejected this precise argument in Rhodes, concluding

2

that "it is entirely speculative whether a declaration from this court stating that [Rhoads'] sentence was excessive will aid him in" an eventual § 3583(e)(1) motion. 676 F.3d at 935. Accordingly, we conclude Rhoads' § 2255 motion is moot.

## III

**DISMISSED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge