FILED
United States Court of Appeals
Tenth Circuit

December 13, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

GREGORY DAVID VAUGHN,

     Petitioner - Appellant,

v.

KEN KLINGER, Warden,

     Respondent - Appellee.

No. 18-7008
(D.C. No. 6:16-CV-00425-RAW-KEW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Gregory Vaughn appeals the district court's denial of his 28 U.S.C. § 2241

petition. Because Vaugh has fully discharged the prison sentences that were the

subject of his petition, we dismiss the appeal as moot.

**I**

Vaughn was sentenced for crimes committed in both Stephens and Grady

Counties, Oklahoma. In the Stephens County cases, the state court sentenced

Vaughn to three concurrent five-year prison terms, a concurrent fifteen-year term,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and a consecutive twenty-year term. The court suspended ten years of the twenty-year sentence, conditioned upon Vaughn's successful completion of a term of probation. Therefore, Vaughn's aggregate Stephens County prison sentence was twenty-five years. In the Grady County cases, the court sentenced Vaughn to consecutive ten and five-year prison terms, and ordered that the sentences be served concurrently with the twenty-year (ten years suspended) Stephens County sentence. The court imposed an additional five-year sentence, but suspended execution of that sentence, again conditioned on Vaughn's successful completion of probation. While Vaughn was serving his sentences in the Oklahoma Department of Corrections ("ODOC"), the court amended the Grady County sentences twice to reflect that those sentences would run concurrently with the fifteen-year Stephens County sentence, making his total aggregate prison sentence twenty-five years.[1]

Vaughn filed his § 2241 petition in September 2016, claiming he understood his plea agreement to require that all his prison sentences would be served concurrently, meaning that he had an aggregate fifteen-year sentence. He claimed the ODOC's execution of his sentences violated double jeopardy principles, in part because it stopped and re-started his sentences each time the court issued an amended Judgment and Sentence. Vaughn maintained that his prison sentences should have been completed in December 2015. Accordingly, he asked the district court to declare that he had fully served his prison sentences and order that he be released.

---

[1] The court also modified the sentence to include specific directions regarding credit for jail time.

Concluding that the ODOC's execution of Vaughn's prison sentences was consistent with the state court orders, the district court denied his petition. This court issued a certificate of appealability to consider whether the ODOC's administration of Vaughn's sentences violated the Double Jeopardy Clause and whether the district court erred in denying the petition without conducting an evidentiary hearing.[2] But after discovering that Vaughn is no longer in prison, we ordered him to show cause why his appeal should not be dismissed as moot. Vaughn conceded that he is no longer incarcerated, but claims his appeal is not moot because he is on probation as a condition of his suspended sentences and is therefore still in custody.

## II

Under Article III of the Constitution, federal courts may adjudicate only live cases or controversies. Alvarez v. Smith, 558 U.S. 87, 92 (2009). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. (quotation omitted). A case becomes moot when the party seeking relief is no longer suffering "actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). Thus, a petition challenging the execution of a sentence becomes moot if the petitioner has discharged the sentence and is released from

---

[2] We did not issue a certificate of appealability to review Vaughn's additional claim that the district court erred by not expressly ruling on his summary judgment motion. We nevertheless note that, in light of our conclusion that Vaughn's appeal of the order denying the petition is moot, his argument regarding the court's failure to rule on the summary judgment motion is also moot.

3

custody. Walker v. United States, 680 F.3d 1205, 1206 (10th Cir. 2012); Rhodes v. Judiscak, 676 F.3d 931, 935 (10th Cir. 2012).

As Vaughn acknowledged in his response to our show cause order, he has discharged all of the prison sentences that were the subject of his habeas petition. Accordingly, to survive the mootness inquiry, he must demonstrate a "concrete and continuing injury" that is a collateral consequence of the ODOC's allegedly improper execution of those sentences. Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Rhodes, 676 F.3d at 933.

Vaughn argues that his appeal is not moot because his probationary status means he is still in custody. We recognize that Vaughn's probationary status constitutes custody for habeas purposes. See Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009) (explaining that custody "encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom," and holding that "suspended or stayed sentences may satisfy the custody requirement"); United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423-24 (3d Cir. 1975) (holding that a person serving probation as a condition of a suspended sentence is in custody for habeas purposes).

But the fact that Vaughn is still in custody does not resolve the mootness question because he is not in custody on any of the now discharged sentences he complained about in his petition. Rather, Vaughn is on probation as a condition of his suspended sentences. He has not cited any authority, nor are we aware of any,

suggesting that the ODOC's allegedly improper execution of his prison sentences will affect the length of his probationary term.[3]  Because we cannot shorten his probationary term or suspended sentence to compensate for a supposedly longer term of incarceration, Vaughn's habeas claims are now moot.  See Rhodes, 676 F.3d at 933, 935; see also United States v. Miller, 891 F.3d 1220, 1242 (10th Cir. 2018) (dismissing as moot a challenge to the procedural reasonableness of a sentence where the only possible remedy would affect the length of the sentence and appellant had been released from prison); Walker, 680 F.3d at 1206 (dismissing as moot appeal of denial of § 2241 petition challenging Bureau of Prisons' calculation of sentences because petitioner had been released from prison).

### III

The appeal is **DISMISSED** as moot.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] In Oklahoma, a suspended sentence is a sentence of imprisonment that is suspended in whole or part, with or without probation.  Okla. Stat. tit. 22, § 991a(A)(1); Hemphill v. State, 954 P.2d 148, 150 (Okla. Crim. App. 1998) (a suspension order is "a condition placed upon the execution of the sentence").  The court may revoke probation for non-compliance and execute a suspended sentence. Okla. Stat. tit. 22, § 991b; Tryon v. State, 423 P.3d 617, 648 (Okla. Crim. App. 2018).  But any credit for time served cannot shorten the length of Vaughn's suspended sentence and its corresponding probationary period.  Instead, "credit for time served goes only toward discharging that portion of the sentence ordered executed [and] does not shorten any unexecuted portion of the sentence." Grimes v. State, 251 P.3d 749, 753 (Okla. Crim. App. 2011).  Thus, Vaughn cannot "bank" time served to shorten the term of his probation.  Id. at 753-54.