**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Defendant - Appellee,

v.

RAUL ZAMORA,

    Plaintiff - Appellant.

No. 17-2188
(D.C. Nos. 1:16-CV-00695-JCH-GBW &
1:97-CR-00488-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***

_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.

_____

Raul Zamora appeals the dismissal of his 28 U.S.C. § 2255 motion, in which he

claimed his prison sentence was too long. Exercising appellate jurisdiction under

28 U.S.C. § 1291, we dismiss for lack of jurisdiction because he has completed his prison

sentence and his appeal is moot.

## I.  BACKGROUND

In 1998, Mr. Zamora was convicted of aiding and abetting an attempted armed

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bank robbery. At sentencing, the district court relied on the applicable sentencing guidelines at the time and determined that Mr. Zamora was a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). For a career-offender designation, (1) Mr. Zamora had to be at least eighteen years old at the time of the offense of conviction; (2) the offense of conviction had to be a crime of violence or a controlled substance offense; and (3) he must have had at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See id.*

Under the then-mandatory Guidelines, a "crime of violence" was defined as:

(a) . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

     (1) **has as an element the use, attempted use, or threatened use of physical force against the person of another**, or

     (2) <u>is burglary of a dwelling, arson, or extortion, involves use of explosives</u>, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). The text in bold is known as the "elements clause." The underlined text is known as the "enumerated clause." The italicized text is known as the "residual clause." The district court did not specify whether it relied on the residual clause, but it concluded that Mr. Zamora was a career offender based on (1) his underlying conviction for aiding and abetting an attempted armed bank robbery and (2) his prior convictions for false imprisonment, aggravated assault, and robbery, *see United States v. Zamora*, No. 97-CR-000488-JCH (D.N.M. Dec. 18, 1998), Doc. 142 (Sent. Tr. of Oct. 21, 1998) at 12-13. With the career-offender designation, the court calculated the sentencing range to be 262 to 327 months in prison. Without the

2

career-offender designation, the range would have been 100 to 125 months.

The court sentenced Mr. Zamora to 262 months in prison, followed by three years of supervised release. We affirmed his conviction and his sentence. *United States v. Zamora*, 222 F.3d 756, 767 (10th Cir. 2000).[1]

On June 26, 2015, the Supreme Court invalidated as unconstitutionally vague the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defines a "violent felony." *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The Court later held that *Johnson* applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The residual clause in U.S.S.G. § 4B1.2(a)(2) is identical to the residual clause in the ACCA.

Within one year of *Johnson*—16 years after his conviction became final—Mr. Zamora filed his § 2255 motion. Asserting his motion was timely, he argued that *Johnson* applied equally to, and therefore effectively invalidated, the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2). He further asserted that his prior convictions were not enumerated offenses under U.S.S.G. § 4B1.2(a)(2), nor did they qualify as crimes of violence under the elements clause of U.S.S.G. § 4B1.2(a)(1). Consequently, Mr. Zamora claimed his sentence was too long because it was unconstitutionally enhanced.

---

[1] On appeal, Mr. Zamora challenged his status as a career offender by arguing that false imprisonment is not a crime of violence. We rejected that argument, reasoning that false imprisonment satisfied the residual clause because it involves a substantial risk of physical injury. *See Zamora*, 222 F.3d at 763-65.

The district court dismissed Mr. Zamora's § 2255 motion as untimely but granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion). He notes in his opening brief that he has completed his prison sentence and is now serving his term of supervised release. *See* Aplt. Br. at 6 n.4.[2] We directed Mr. Zamora to show cause why his appeal should not be dismissed as moot. In response, he denies his appeal is moot for reasons we address below. The Government contends this case is moot because Mr. Zamora challenges only his term of incarceration and because it is speculative whether a favorable ruling from this court on his *Johnson* claim would lead the sentencing court to shorten his term of supervised release.

## II. **DISCUSSION**

### A. *Legal Background*

Article III of the Constitution permits federal courts to decide only "Cases" or "Controversies." U.S. Const. art. III, § 2. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted), and "requires a party seeking relief to have suffered, or be threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision by the appeals court," *United*

---

[2] We also note the district court consented to the transfer of jurisdiction over Mr. Zamora's period of supervised release to the United States District for the Middle District of Florida. *See Zamora*, No. 97-CR-000488-JCH, Doc. 172.

4

*States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) (brackets and internal quotation marks omitted).

Courts employ the mootness doctrine to comply with this requirement. "[A] case becomes moot 'when a plaintiff no longer suffers "actual injury that can be redressed by a favorable judicial decision."'" *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (per curiam)). Mootness deprives federal courts of jurisdiction. *See Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016) ("If a case is moot, we have no subject-matter jurisdiction.").

An incarcerated individual's challenge to a conviction generally satisfies the case-or-controversy requirement. But when the prison sentence has expired, "some 'collateral consequence' of the conviction [] must exist if the suit is to be maintained," *Spencer*, 523 U.S. at 7, and that consequence must be redressable, *see Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). *Rhodes* is the Tenth Circuit precedent most pertinent to this case.

In that case, Mr. Rhodes filed a habeas petition under 28 U.S.C. § 2241, challenging the Board of Prisons' calculation of his federal sentence. *Id.* at 932-33. The district court, after learning that Mr. Rhodes had been released from prison, dismissed the petition as moot, notwithstanding his still-pending term of supervised release. *Id.* at 933. On appeal, the panel said "that [Mr. Rhodes] may continue to assert an actual injury so long as he remains subject to supervised release." *Id.* But we explained that "[t]he question is not whether the [§ 2241] petition, which

5

challenges only the calculation of Rhodes' prison sentence, asserts a collateral consequence, but whether it asserts a *redressable* collateral consequence." *Id.*

Addressing redressability, we cited Supreme Court precedent that "clearly prohibit[s] habeas courts—including this court and the district court below—from modifying a supervised release term to make up for a too-long prison sentence." *Id.* at 933-34 (citing *United States v. Johnson*, 529 U.S. 53, 59-60 (2000)). We next considered Mr. Rhodes' argument that, even if we could not shorten his term of supervised release, a declaration from this court that he served an illegally excessive sentence "might bolster his eventual [18 U.S.C.] § 3583(e)(1) petition asking the sentencing court to shorten his term of supervised release." *Id.* at 934. We recognized a circuit split as to whether such an argument defeats mootness. We sided with courts holding that it does not because "[i]t is merely speculative . . . that such a declaration could redress Rhodes' injury." *Id.* at 935.

Because we lacked authority to shorten his remaining term of supervised release, and because "it is entirely speculative whether a declaration from this court stating that Rhodes' sentence was excessive will aid him in the future," *id.*, the habeas petition was moot.

B. *Analysis*

1. **The § 2255 Motion Is Moot**

The only "challenged portion of [Mr. Zamora's] sentence" is the enhanced prison term based on attribution of career-offender status. In his § 2255 motion, Mr. Zamora challenged the length of his incarceration by seeking to apply *Johnson* to

6

the residual clause of U.S.S.G. § 4B1.2(a)(2). He argued that this residual clause, just like the one in *Johnson*, is unconstitutionally vague and that he therefore did not qualify for the career-offender enhancement. *See* R. at 48-60. He said that *Johnson* invalidated § 4B1.2(a)(2)'s residual clause, his prior convictions were not enumerated offenses, and they did not satisfy the elements clause. *See id.* at 55, 60-67, 70-71.

Mr. Zamora concluded that his "262 month sentence was imposed in violation of the Constitution because it was predicated on the residual clause [of U.S.S.G. § 4B1.2(a)], the residual clause is 'unconstitutionally vague,' and 'imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process.'" *Id.* at 71 (quoting *Johnson*, 135 S. Ct. at 2563). He requested "an order vacating his sentence of 262 months, ordering and scheduling a hearing for resentencing . . . within the properly calculated guideline sentencing range, and providing for such other and further relief to which the Court may find [him] to be justly entitled." *Id.* at 73.

Although Mr. Zamora now asserts that he challenged his entire sentence, including both the terms of incarceration and of supervised release, his § 2255 claim negates that assertion. In district court, he did not mention, let alone argue, any error affecting his term of supervised release. On appeal, he cites district court filings in which he says he asked the court to vacate his entire sentence, *see* Resp. to Show Cause Order at 7 (citing *Zamora*, No. 97-CR-000488-JCH, Docs. 112, 122, 149, 150, 155), but those materials similarly failed to mention or otherwise challenge his term

7

of supervised release. Further, the sentencing record confirms Mr. Zamora did not challenge his term of supervised release, nor is there any indication the district court linked his term of supervised release to his career-offender designation or to his enhanced prison sentence.

In short, like Mr. Rhodes, Mr. Zamora claims his prison sentence was too long. And also like Mr. Rhodes, he has completed his prison term. Under these circumstances, Mr. Zamora's appeal is moot. He has completed his prison term, which was the only portion of the sentence he challenged. All that remains is his unexpired term of supervised release, which he did not contest.

Thus, even if Mr. Zamora's remaining term of supervised release could be viewed as a consequence of his prison sentence, and even if he had challenged his term of supervised release, a favorable decision on his *Johnson* claim could not redress his alleged sentencing error. First, he has completed his prison term. Second, he denies he is seeking "credit for any over-served prison time against his term of supervised release," *id.* at 6 (internal quotation marks omitted). Third, *Rhodes* prohibits courts that review a habeas request "from modifying a supervised release term to make up for a too-long prison sentence." *Rhodes*, 676 F.3d at 933 (citing *United States v. Johnson*, 529 U.S. at 59-60). That should be enough for mootness, but Mr. Zamora advances one more argument.

Rather than argue, as Mr. Rhodes did, that a declaration from this court that his prison sentence was too long would bolster his chances for the sentencing court to shorten his term of supervised release, Mr. Zamora tries something else. He argues that if

8

this court were to agree with his *Johnson* challenge and vacate his enhanced sentence, at resentencing "the district court can impose a shorter term of supervised release." Resp. to Show Cause Order at 5. But this argument fails for the same reason as in *Rhodes* because this prospect is "entirely speculative." *Rhodes*, 676 F.3d at 935. It does not save this case from mootness.

## 2. **Mr. Zamora's Arguments**

Mr. Zamora insists his appeal is not moot, but his four arguments are unpersuasive.

First, he contends that he need not show collateral consequences from his enhanced prison sentence so long as he is still serving some portion of his sentence, including a term of supervised release. His authority is not supportive. He cites *United States v. Sandoval-Enrique*, 870 F.3d 1207 (10th Cir. 2017), but the defendant there challenged his conviction, not his sentence. Because he challenged his conviction, we therefore "presume[d] that a defendant remains subject to collateral consequences that continue to flow from the existence of the challenged conviction even after the sentence has been served." *Id.* at 1211. Mr. Zamora, by contrast, challenged his sentence, not his conviction, in his § 2255 motion. We thus do not presume a collateral consequence arising from the alleged sentencing error. *See United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). To avoid mootness, Mr. Zamora must show a collateral consequence from the challenged portion of his sentence that is redressable by a favorable ruling of this court. *See id.* He fails.

9

Second, Mr. Zamora contends that a supervised release violation could lead to further incarceration and that this is a collateral consequence. That argument is not persuasive. He would have received a supervised release term even without being a career offender, so he has not shown this alleged collateral consequence arose from his alleged sentencing error. More important, he has not shown a collateral consequence that this court can redress.

Although "[b]eing on supervised release can [be] a collateral consequence 'because the defendant's liberty is affected by ongoing obligations to comply with supervised release conditions and restrictions,'" *Rhodes*, 676 F.3d at 933 (quoting *Vera-Flores*, 496 F. 3d 1180), collateral consequences must be redressable. Apart from speculation about what the sentencing court may do, Mr. Zamora fails to demonstrate how a favorable appellate ruling on his *Johnson* claim could redress such collateral consequences. *See id.* ("The question is not whether the [habeas] petition, which challenges only the calculation of [the] prison sentence, asserts a collateral consequence, but whether it asserts a *redressable* collateral consequence."). He cannot make that showing because his § 2255 motion challenged only his prison term, not his term of supervised release, which this court has no authority to modify.

Mr. Zamora argues that *Vera-Flores*, 496 F.3d at 1180, holds that a sentencing appeal cannot be moot when the defendant is on supervised release, but *Vera-Flores* is not so broad. It confirms that "a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence *if his unexpired term of supervised release could be reduced or eliminated*

10

*by a favorable appellate ruling.*" *Id.* (emphasis added). The defendant had no actual injury that was likely to be redressed by a favorable decision because he not only had completed his term of imprisonment but also had been deported while on supervised release. *See id.* at 1180-81. The deportation "eliminated all practical consequences associated with serving a term of supervised release." *Id.* at 1181. We concluded the deportation had mooted the appeal, and any collateral consequence that might occur upon the defendant's potential, future reentry was speculative. *See id.* at 1182. Mr. Zamora does not explain how *Vera-Flores* supports his position.

Third, Mr. Zamora cites cases from other circuits holding that the possibility of successfully petitioning the sentencing court for a shortened period of supervised release prevents a case on appeal from being moot. *See* Resp. to Show Cause Order at 5 & n.1 (citing *United States v. Johnson*, 729 F. App'x 229, 230 (4th Cir. 2018) (per curiam) (unpublished); *United States v. Rash*, 840 F.3d 462, 464 (7th Cir. 2016); *United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015); *United States v. Bejarano*, 751 F.3d 280, 285 n.4 (5th Cir. 2014) (per curiam)). He postulates that his appeal is not moot because, "if this Court vacates the enhanced sentence, the district court can impose a shorter term of supervised release." Resp. to Show Cause Order at 5.

We rejected this argument in *Rhodes*. *Rhodes* recognized a circuit split over whether mootness could be defeated by the possibility that a habeas petitioner might succeed on a future § 3583(e)(1) motion in district court seeking to shorten a term of supervised release. *See* 676 F.3d at 934. After surveying the relevant case law, we concluded such a possibility was too speculative and insufficient for Article III

11

justiciability. *See id.* at 934-35. Mr. Zamora may be correct that if this court were to grant his § 2255 motion on the merits, the sentencing court might shorten his term of supervised release after reconsidering the 18 U.S.C. § 3553(a) factors. But *Rhodes* recognized this possibility and concluded it was too speculative. The sentencing court might reevaluate the § 3553(a) factors and modify the term of supervised release, but it also might decline to do so. *See id.* at 935.

Finally, Mr. Zamora attempts to distinguish *Rhodes*, claiming the petitioner in that case challenged only the length of his sentence, while Mr. Zamora challenged his entire sentence. But, as detailed above, Mr. Zamora only nominally contested his entire sentence. The only error he asserted about his sentence is that his prison term was too long. This argument places him on common ground with the petitioner in *Rhodes*. *See id.* at 932.

## III. **CONCLUSION**

Mr. Zamora's release from prison mooted his § 2255 motion, which challenged the duration of his confinement. Although he is still serving a term of supervised release, he did not challenge that portion of his sentence, and it is speculative whether a favorable decision from this court would result in a reduced or eliminated term of supervision. We therefore dismiss this appeal as moot.

12

Exercising appellate jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal for lack of jurisdiction.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge