**UNITED STATES COURT OF APPEALS**

**August 7, 2020**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM MACK FIELDS,

    Defendant - Appellant.

No. 19-2081
(D.C. No. 2:02-CR-02262 JAP-3)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge**, SEYMOUR** and **MORITZ**, Circuit Judges.

William Mack Fields appeals the dismissal of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) and § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (enacted December 21, 2018). We dismiss for lack of jurisdiction because Mr. Fields has completed his prison sentence and the appeal is moot.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

On April 29, 2003, Mr. Fields pled guilty to seven counts charged in a second superseding indictment, including conspiracy to possess with intent to distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. § 846, possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i), and other related crimes. Mr. Fields had a prior drug felony conviction which doubled the mandatory minimum sentence. As a part of his plea, Mr. Fields stipulated pursuant to Fed. R. Crim. P. 11(c)(1)(C) that a sentence of twenty years (240 months) was appropriate. On October 3, 2003, the district court accepted the plea agreement and sentenced Mr. Fields to 20 years imprisonment and 10 years of supervised release.

On December 31, 2018, following enactment of the First Step Act, Mr. Fields filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) and § 404 of the First Step Act. Section 404 authorizes a sentencing court to impose a reduced sentence for crack cocaine offenses as if the lower penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372, were in effect at the time of the original sentencing.[1] Mr. Fields's only prayer for relief was that the court reduce his 20-year sentence to time

---

[1] Relevant here, section two of the Fair Sentencing Act of 2010 increased the amount of cocaine base required to trigger a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Pub. Law 111-220; 124 Stat. 2372.

served.  The district court denied Mr. Fields's motion and he appeals.  After filing this appeal, Mr. Fields was released from prison and began a 10-year term of supervised release on October 1, 2019.[2]

## II.

We cannot consider the merits of an appeal unless we first establish jurisdiction to hear the case.  *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007).  Under Article III of the Constitution, federal judicial power is limited to "Cases" or "Controversies."  U.S. Const. art. III, § 2.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted).  "Article III requires a party seeking relief to have suffered, or be threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision by the appeals court."  *Vera-Flores*, 496 F.3d at 1180 (citation, brackets and internal quotation marks omitted).  A case becomes moot when a plaintiff no longer suffers a redressable injury.  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).  If a case is moot, federal courts do not have subject matter jurisdiction and must dismiss the case.  *See Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016).

"When an incarcerated criminal defendant appeals his conviction, the ongoing incarceration constitutes an injury from which the defendant seeks relief in satisfaction of

---

[2] When he filed his appeal, Mr. Fields had served sixteen years of his sentence.

3

Article III." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). But if the defendant's prison sentence has expired, a challenge to the conviction is moot unless there is an ongoing collateral consequence of the conviction, *Spencer*, 523 U.S. at 7, "that can be redressed by a favorable judicial decision," *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting *Iron Arrow Honor Soc'y*, 464 U.S. at 70 ).

In *Rhodes*, a habeas petition was filed under 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' calculation of the defendant's sentence. *Id.* at 932–33. After learning that Mr. Rhodes had been released from prison, the district court dismissed the petition as moot, notwithstanding his unexpired term of supervised release. *Id.* at 933. We affirmed on appeal, clarifying that "[t]he question is not whether the [§ 2241] petition, which challenges only the calculation of Rhodes' prison sentence, asserts a collateral consequence, but whether it asserts a *redressable* collateral consequence." *Id*. In analyzing this question, we recognized that any modification of Mr. Rhodes' supervised release term was "wholly within the discretion of the sentencing court." *Id.* at 935. We explained that the court could decide to reduce his sentence based upon equitable considerations that he overserved his sentence. But we noted that the sentencing court could also "refuse to terminate his supervised release—even in light of an overlong sentence," so it was "entirely speculative whether a declaration from this court stating that Rhodes' sentence was excessive [would] aid him in the future." *Id.*

In the present case, Mr. Fields contends that his mandatory minimum sentence under the First Step Act would have been twenty years instead of thirty years. If that had

4

been the case, he argues, he likely could have gotten the government to stipulate to a "sentence of less than sixteen years." Aplt. Br. at 10. Even assuming this is correct, the only relief Mr. Fields sought was to reduce his sentence to time served, which is mooted by his release.

Mr. Fields asserts that his appeal is not moot because he is still subject to the collateral consequence of supervised release. In support of this argument, he cites our opinion in *United States v. Sandoval-Enrique*, 870 F.3d 1207 (10th Cir. 2017). In that case, however, the defendant did not challenge *his sentence* but rather sought to withdraw his guilty plea and have his *conviction vacated*. *Id*. at 1210. When a defendant challenges his conviction, we "presume that a defendant remains subject to collateral consequences that continue to flow from the existence of the challenged conviction even after the sentence has been served." *Id.* at 1211. Here, because Mr. Fields challenged his sentence, not his conviction, he is not entitled to that presumption and therefore must "show that he remains subject to collateral consequences," which are redressable by this court. *Id.* at 1210.

While Mr. Fields' "liberty is affected by ongoing obligations to comply with supervised release conditions and restrictions," *Rhodes*, 676 F.3d at 933 (citation omitted), he has failed to establish that this collateral consequence is redressable by this court. He argues that a favorable ruling by us could potentially reduce his ten-year supervised release term. For drug offenses, however, mandatory minimum terms for supervised release are established by statute, *see* 21 U.S.C. § 841(b)(1)(A), and were not

5

changed by the First Step Act. Therefore, we cannot "give [Mr. Fields] a judicial make-up call by shortening his supervised release term." *Rhodes*, 676 F.3d at 935. "[T]he best this court could do for [Mr. Fields] would be to declare that he spent longer in prison than he should have. It is merely speculative, however, that such a declaration could redress [his] injury." *Id*

Mr. Fields also contends that a determination by us that he overserved time in prison could result in "credit towards a sentence for any future violation of supervised release." Aplt. Rep. Br. at 3. This argument fails for two reasons. First, it is "entirely speculative whether a declaration from this court stating that [Mr. Fields'] sentence was excessive will aid him in the future." *Rhodes*, 676 F.3d at 935. Second, the hypothetical collateral consequence is "contingent upon [Mr. Fields] violating the law," and he is obligated by law "to prevent such a possibility from occurring." *Spencer*, 523 U.S. at 15 (citation omitted). We cannot agree that the case-or-controversy requirement can be satisfied by speculation that a defendant will break the law in the future. *Cf. id.* ("[W]e are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions . . . [that] respondents will be prosecuted for violating valid criminal laws.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (first omission in original)).

In sum, we do not have jurisdiction over this appeal because Mr. Field's release from prison rendered his § 3582(c)(1)(B) motion for sentence reduction moot.

6

Accordingly, we do not reach the merits of any issue raised on appeal, including the applicability of § 404 of the First Step Act.

Entered for the Court

Stephanie K. Seymour
Circuit Judge